John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq., Bar. No. 218752
SMAHA LAW GROUP
2398 San Diego Avenue
San Diego, California 92110
Telephone:   (619) 688-1557
Facsimile:    (619) 688-1558

Attorneys for Debtor, Dana Aaron Linett

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DANA AARON LINETT,<br><br>Debtor. | CASE NO.   19-05831-LA11<br><br>Chapter 11<br><br>DEBTOR'S STATUS ON APPEAL AND LIQUIDATING TRUST<br><br>DATE:  July 29, 2021<br>TIME:  2:00 p.m.<br>DEPT.:  Two<br>JUDGE: Hon. Louise DeCarl Adler |

The Debtor, Dana Aaron Linett (the "Debtor") respectfully submits the following status on the pending appeal in the divorce action pending between the Debtor and his ex-wife, Barbara Linett. As the Court may be aware, the Debtor filed a petition for review with the Supreme Court of the State of California on June 14, 2021 in pro per. Barbara Linett, through her counsel, submitted an answer to the petition for review on June 23, 2021. Most recently, on July 6, 2021, the Debtor submitted his Reply to the answer to the petition for review. A true and correct copy of that reply is provided herewith as Exhibit A for the Court's review. The California Supreme Court now has all necessary filings to determine whether to consider the Debtor's petition for review although any decision may still be between a month or two from being made.

In the meantime, the Debtor's counsel, Barbara Linett's counsel and U.S. Bank continue discussions regarding the final language for a consensual liquidating trust. The status of the pending appeal will need to be updated prior to the confirmation of any plan of reorganization and may have a limited effect on the language of a consensual liquidating trust.

Dated: July 14, 2021

/s/ John L. Smaha
John L. Smaha, Esq.
Gustavo E. Bravo, Esq.
*Attorneys for Debtor and Debtor-in-Possession,*
Dana Aaron Linett

# EXHIBIT A

S269315
4th Civil No. D075178
San Diego Superior Court Case No. D545205

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re the Marriage of BARBARA
and DANA LINETT

BARBARA LINETT

        Petitioner/Appellee/Respondent,

vs.

DANA LINETT

        Respondent/Appellant/Petitioner.

From an Unpublished Decision of the Fourth Appellate District, Division One

**REPLY TO ANSWER TO PETITION FOR REVIEW**

Dana Linett
P.O. BOX 3507
Rancho Santa Fe, CA 92067
(858)735-1652
dana.linett@gmail.com
Petitioner Pro Per

1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. 3

I.   INTRODUCTION. ........................................................................................ 4

II.  THE LAW DOES NOT PROVIDE CLAIRTY ON WHEN A
     STIPULATED MARITAL JUDGEMENT MAY BE SET-ASIDE FOR
     MISTAKE. .................................................................................................... 4

III. THE LAW IS ALSO UNSETTLED ON THE DEFINITION OF
     MATERIALITY IN RESCINDING A STIPULATED JUDGMENT FOR
     MISTAKE. .................................................................................................... 6

IV.  HUSBAND'S MISTAKE WAS REASONABLE. ...................................... 8

V.   CONCLUSION. .......................................................................................... 12

CERTIFICATE OF WORD COUNT COMPLIANCE ...................................... 13

PROOF OF SERVICE ........................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bran v. California Dairies, Inc.* (1935) 4 Cal.2d 128 ............................................................. 6

*Brewer & Federici* (2001) 93 Cal.App.4th 1334 ................................................................... 5

*Carrieres v. Commissioner* (9th Cir. 1977) 552 F.2d 1350 ................................................ 11

*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051 .................................................... 7

*Kulchar v. Kulchar* (1969) 1 Cal.3d 467 ............................................................................. 6

*Winet v. Price* (1992) 4 Cal.App.4th 1159 ........................................................................... 5

**Statutes**

Fam. Code § 1100, subd. (e) ................................................................................................. 5

Fam. Code § 2100, subds. (b) & (c) ...................................................................................... 5

Fam. Code § 2121, subd. (b) ................................................................................................. 6

Fam. Code § 2122, subd. (e) ................................................................................................. 6

Fam. Code § 721, subd. (b) ................................................................................................... 5

Respondent/Appellant/Petitioner Dana Linett (Husband) submits the following Reply to Petitioner/Respondent/Respondent Barbara Linett's (Wife) Answer to his Petition for Review.

## I. INTRODUCTION.

Husband seeks this court's review to resolve conflicts of law and confusion in the courts on the issue of setting aside a stipulated marital judgment due to mistake. As discussed in the Petition for Review and below, the law is in conflict and confused both on the test for mistake sufficient to set aside a stipulated marital judgment and also on the test for the materiality of the mistake.

## II. THE LAW DOES NOT PROVIDE CLAIRTY ON WHEN A STIPULATED MARITAL JUDGEMENT MAY BE SET-ASIDE FOR MISTAKE.

Husband seeks review to define what type or degree of mistake is sufficient to set aside a stipulated marital judgment under Family Code section 2122, subdivision (e).[1] It is uncontroverted section 2122 – or any other provision in the Relief From Judgment Act- fails to define or describe a test for when a mistake justifies setting aside a stipulated judgment under section 2122, subdivision (e).

Wife rejects the quote from *In re Marriage of Varner* (1997) 55 Cal.App.4th 128 that the law is not clear on the meaning and the nature of the 'mistake' for setting aside of a judgment. (*Id.* at p. 142 (*Varner*). It is true *Varner* was decided before the Relief From Judgment Act. And it is also true the Relief From Judgment Act clarifies many issues.

---

[1] All statutory references are to the Family Code unless otherwise noted.

4

However, the Relief From Judgment Act does not address what type of mistake permits setting aside a stipulated marital settlement/judgment. Moreover, *Varner* is still cited by courts and no authority undercuts its statement the law is unclear on the meaning of mistake that permits setting aside a stipulated marital judgment.[2]

As proof there is no appropriate test for setting aside a stipulated marital judgment, many courts use the general contract law analysis for rescinding a contract for mistake in *Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 280-282 (*Donovan*). Indeed, the court of appeal below did this. (Slip op. at p. 15.) This is proof that there is no specific test to rescind a stipulated marital judgment for mistake.

Moreover, as explained in the Petition for Review, applying a contract test to decide when to vacate a stipulated judgment in family law courts causes many problems. First, marital settlements are not typical negotiated contracts. "The formation of a marital settlement agreement is not an ordinary business transaction, resulting from an arm's-length negotiation between adversaries. Rather, it is the result of negotiations between fiduciaries required to openly share information." (*Brewer & Federici, supra,* 93 Cal.App.4th at p. 1344, citing §§ 721, subd. (b), 1100, subd. (e), 2100, subds. (b) & (c).) Second, contract cases apply an objective test and hold the mistaken party's subjective belief is insufficient for a claim of unilateral mistake. (See Slip Op. at pp. 11-12, citing *Winet v. Price* (1992) 4 Cal.App.4th 1159 and *Bran v. California Dairies, Inc.* (1935) 4

---

[2] Courts still cite and follow *Varner* long after enactment of the Relief From Judgment statutory scheme. (See e.g. *Brewer & Federici* (2001) 93 Cal.App.4th 1334.)

5

Cal.2d 128.) However, subjective belief has been held sufficient to vacate a marital settlement agreement if the judgment based on the MSA is inequitable. (*Donovan, supra,* 26 Cal.4th at pp. 280-282.) Third, a judgment based on a MSA is not just a contract, it is also a judgment which implies different policy considerations.

In sum, neither case law nor any statute in the Relief From Judgment Act defines a test for vacating a stipulated judgment for mistake in the unique context of marital dissolutions. This court should grant review to settle this important question of law.

### III. THE LAW IS ALSO UNSETTLED ON THE DEFINITION OF MATERIALITY IN RESCINDING A STIPULATED JUDGMENT FOR MISTAKE.

To vacate a stipulated marital judgment for mistake under section 2122, subdivision (e), the party must also show the mistake was material. (§ 2121, subd. (b).) As explained in Husband's Petition for Review, this court should grant review to clarify the test for when a stipulated marital judgment can be vacated under sections 2121 and 2122.

Wife's answer to the Petition for Review relies on *Kulchar v. Kulchar* (1969) 1 Cal.3d 467 (*Kulchar*) in arguing there is no need to clarify the nature of materiality. Wife is mistaken for several reasons. First, *Kulchar* far pre-dates several amendments to the statutes governing setting aside marital judgments and specifically predates section 2122, subdivision (e), that contains the materiality requirement. Second, *Kulchar* discussed the standard for extrinsic fraud and the issue here is intrinsic mistake. Wife argues that the *Kulchar* test was incorporated into section 2122, subdivision (e), but cites

6

no authority for this proposition. Rather, courts recognize that *Kulchar* is superseded by statute. (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1064-1065.)

As explained in Husband's Petition for Review, the court of appeal applied a too strict standard for materiality of mistake. The court of appeal found that Husband was required to show for materiality that, if the court set aside the judgment, Husband would receive a greater share of the parties' community property. (See Slip. Op. at p. 23 ("Rather, the court was required to consider whether Husband would achieve a better result if the MSA was vacated, and the couple was required to start anew to value and then equally divide all of their community property.").) The court of appeal held that Husband could only prove materiality if the judgment on its face made an unequal distribution of the community property and thus was inequitably in Wife's favor.

No law requires that the actual dollar value of the marital distribution be inequitable in order to vacate that judgment for mistake. This is a too strict test for materiality. Section 2121, subdivision (b), requires only that Husband "would materially benefit from the granting of the relief." Husband argued and presented undisputed evidence that allowing him to pay "in-kind" would materially benefit him as compared to an all-cash payment. Because of the tax consequences to Husband alone from requiring all-cash payments, the MSA is inequitably in Wife's favor.

An all-cash interpretation of the judgment requires Husband to sell almost all the businesses' inventory, imposes on him the cost of sale and, importantly, make him liable for substantial federal and state taxes which must be paid prior to having cash for the equalization payments to Wife. (9 RT, page 2440-2441; 1 CT, page 118.). The tax

7

consequences to one spouse from selling assets to make a settlement payment can make a marital dissolution judgment inequitable. (See *In re Marriage of Brigden* (1978) 80 Cal.App.3d 380, 395-396.). Moreover, the all-cash ruling gives Wife almost 100% of all existing community property assets, Husband's premarital separate property, his home, his pre-existing business's inventory, and all other items specifically awarded to him in the MSA. (6 RT, page 1595 - 1596.) Thus, Husband met his burden of showing he was materially disadvantaged by a stipulated judgment that requires all-cash equalization payments to Wife.

Wife's Answer to the Petition spends several pages discussing the general rule of prejudicial error. (See Answer at pp. 7-8.) This standard rule of appellate practice is not at issue here. What is at issue is the specific definition of materiality in section 2121, subdivision (b).

This court should grant review to clarify a reasonable definition of materiality – not a facially unequal dollar amount distribution of marital property– is the test for when a stipulated judgment can be vacated under sections 2121 and 2122.

## IV.  HUSBAND'S MISTAKE WAS REASONABLE.

Despite Wife's factual attacks, the MSA and the law support Husband's reasonable mistake in thinking he could pay Wife "in-kind." The community had little if any cash and most of the community property was in the form of collectible items. In the MSA, both parties accepted the known values of the community property collectibles. Both parties had identical copies of the digital database of all community property items in the collections, which listed the community cost and estimated retail values of each

8

item. This digital database and the estimated retail value was the basis for splitting the community property items.

Husband consistently stated the cost basis paid for the total of all existing community property items was roughly $1,500,000. (1 CT, page 123 8 RT, page 2124.)[3] This led to an estimated retail value of the community items (the value of what was to be provided to clients for bidding) was about $6,000,000. Thus, the MSA gave Wife an equalization payment from Husband to Wife of $2,800,000 – about half the estimated retail value. (7 RT, pages 1849-1856.) Pursuant to the MSA, Husband also accepted nearly $4,000,000 of community debt and Wife was given no debt. The $2,800,000 equalization payment was based upon the estimated retail value of the community property assets and was the value of the property in the MSA as agreed to by both parties. Because the equalization payment was about half the estimated retail values of the community property items, it was reasonable that those items could be the currency to make the equalization payment. Notably, nothing in the MSA states the equalization payment was to explicitly be "cash." (1 CT, page 78.) Rather, the MSA has over a hundred references to a broader description of community property as: "Property, Assets, Community Assets etc." (*Ibid.*)

---

[3] As discussed above, the court of appeal erred in holding that the test for materiality of mistake was an inequitable division of property in the MSA. Husband contends that the proper test for materiality is not so narrow- requiring only a showing he would be better off without the stipulated judgment based on the MSA. In any event, Husband did indeed provide evidence of the value of the community property estate and, considering that he took over all the debt, he met his burden of showing the MSA was inequitable to him on its face even apart from the tax consequences.

9

Moreover, the MSA confirms that the equalization payment was to be tax free. Section: 14a of the MSA states: "To equalize the division of community property assets and obligations set forth in this agreement, Husband shall pay wife the sum of $2,800,000. This equalization payment is intended to be a tax free interspousal transfer related to the cessation of marriage to effect a division of marital property under the applicable provision of the Internal Revenue Code and comparable provisions of the state law."

The only way the transfer or the equalization payment could be tax-free is if Husband was allowed to pay "in-kind" versus cash. (See *In re Marriage of Brigden*, *supra*, 80 Cal.App.3d at pp. 395-396.). Husband so stated to the court, and this was his basis for claiming mistake and seeking to vacate the MSA. (1CT, pages 76-77; 124.)

Internal Revenue Code section 1041 and case law supports Husband's interpretation and, thus, the reasonableness of his mistake. Internal Revenue Code section 1041 provides that a transfer of assets between spouses, or former spouses, 'incident to divorce' is not taxable in most circumstances. The transfer is treated like a gift. The transferee takes the transferor's tax current value basis in the property at time of dissolution. The effect of the rule is to defer the tax consequences (recognition of gain or loss) until the transferee disposes of the property. But if the transferor, instead of transferring the existing community property directly to the transferee, sells the community property and receives cash in return and then pays that cash to the transferee, the transferor is obligated to pay income taxes now recognized on the amount he or she

10

received from the sale of the assets. (6 CFR 1.1041-1T - Treatment of transfer of property between spouses or incident to divorce [Questions 6, 7 & 10 and answers thereto].)

*Carrieres v. Commissioner* (9th Cir. 1977) 552 F.2d 1350 explains that pursuant to a divorce decree, if one party receives separate cash rather than community assets in exchange for portions of community property, any gain therefrom must be recognized and taxed notwithstanding IRC 1041.

Similarly, when pursuant to a decree of dissolution, one party receives cash rather than community assets in exchange for portions of community property, the sale of that community property to raise that cash must be recognized as a taxable event. (*In re Marriage of Brigden, supra*, 80 Cal.App.3d at p. 395-396.) Moreover, the tax burden to the one who must sell community assets to pay cash as an equalization payment can make a marital dissolution judgment inequitable. (*Ibid.*)

Thus, consistent with the express terms of the MSA, the division of community property was not subject to tax. The only way this could be accomplished was to provide for the transfer of actual property (collectibles) by Husband to Wife in that form rather than in cash. The MSA does not state Husband was required to sell anything to raise cash but expressly states this to be a tax-free transfer of community property incident to divorce per Internal Revenue Code.[4]

---

[4] Husband also requested the MSA be changed to six years length to comply with the timeframe provided per IRC 1041. (1 CT, page 78.)

11

In sum, the law and the MSA show Husband's reasonable mistake in thinking he could make the equalization payments "in-kind."

## V. CONCLUSION.

For all the above reasons and reasons in the Petition for Review, review should be granted.

July 6, 2021

By /s/ Dana Linett
Dana Linett, In Pro Per

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Dana Linett, in Pro Per, hereby certifies that pursuant to the California Rules of Court, the attached Reply to the Answer to the Petition for Review is 13–point Roman type, double spaced and includes 2,218 words, including footnotes. I relied on the word count of the word processing program used to prepare this brief.

July 6, 2021

                            By /s/ Dana Linett
                               Dana Linett, In Pro Per

## PROOF OF SERVICE

I, Mark Zunker, declare that: I am over the age of eighteen years and not a party to the action. I am employed in the County of San Diego within which the subject mailing occurred. My business address is Box 3507, Rancho Santa Fe, CA 92067. On July 6, 2021, I served the following document:

### REPLY TO ANSWER TO PETITION FOR REVIEW

by placing a true copy of it in a sealed envelope, addressed as shown below with the postage prepaid, by depositing it in the U.S. mail:

> Superior Court, County of San Diego, Hall of Justice
> 330 W. Broadway
> San Diego, CA 92101
> (for delivery to Honorable Loren Freestone, Dept 701)

The following were served electronically by TrueFiling:

> Court of Appeal, Fourth Appellate District, Division One
>
> Petitioner/Respondent/Respondent Barbara Linett

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 6, 2021.

By /s/Mark Zunker

John L. Smaha, Esq. Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
**SMAHA LAW GROUP APC**
2398 San Diego Avenue
San Diego, California 92110
(619) 688-1557 Telephone
(619) 688-1558 Facsimile
Attorneys for Debtor, Dana Aaron Linett

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE                    Case No. 19-05831-LA11

*In re Dana Aaron Linett*

    I am employed in the City of San Diego, California. I am over the age of 18 and not a party to the within action. My business address is 2398 San Diego Avenue, San Diego CA 92110.

    On July 19, 2021, I caused to be served the following document(s) described as:

1.    **DEBTOR'S STATUS ON APPEAL AND LIQUIDATING TRUST**

U.S. TRUSTEE
Department of Justice
880 Front Street, Ste. 3230
San Diego, CA 92101

[X]   **(BY MAIL)** I served the individual named by placing the documents in a sealed envelope. I then placed it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practice.

[X]   **(To Be Served by the Court via Notice of Electronic Filing ("NEF"))**. Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On **July 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

| | |
|---|---|
| Gustavo E. Bravo: | gbravo@smaha.com |
| Michael D. Breslauer: | mbreslauer@swsslaw.com, wyones@swsslaw.com |
| Theron S Covey: | TheronCovey@gmail.com, sferry@raslg.com |
| Sean C Ferry: | sferry@raslg.com, bkyecf@rasflaw.com;sferry@ecf.courtdrive.com |
| Thomas B. Gorrill: | tom@gorillalaw.com, r53431@notify.bestcase.com |
| Michael Koch: | MLKoch@live.com, lblaw7@gmail.com;r40511@notify.bestcase.com |
| Byron B. Mauss: | bmauss@swlaw.com, idelgado@swlaw.com |
| David Ortiz: | david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov |

1

| | | |
|---|---|---|
| John Smaha: | jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com | |
| U.S. Trustee: | ustp.region15@usdoj.gov | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **July 19, 2021**, San Diego, California.

/s/ Amelda M. Dawson
Amelda M. Dawson

2