Michael Koch, 131892
Attorney at Law
7777 Alvarado Road, Suite 622
La Mesa CA 91942
(619) 299-2199

Attorney for Julia Garwood

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Dana Linett<br><br><br><br><br><br><br><br>Debtor(s)<br>_____ | Case No.: **19-05831-LA11**<br><br>CREDITOR'S OBJECTION TO JOINT DISCLOSURE STATEMENT REGARDING JOINT LIQUIDATING PLAN OF REORGANIZATION<br><br>Date: SEPTEMBER 9, 2021<br>Time: 2:00 p.m.<br>Dept. Two<br><br>The Honorable Louise DeCarl Adler |

COMES NOW, Creditor Julia Garwood, a creditor against Dana Linett, and objects to the Joint Disclosure Statement Regarding Joint Liquidating Plan of Reorganization.  Julia Garwood is a claimant of the Debtor for providing legal representation and professional services in the amount of $200,533.87.  This sum is approximately 17.35% of the general unsecured claims filed to date.  For the reasons stated below, the Court should deny approval of the Joint Disclosure Statement Regarding Joint Liquidating Plan of Reorganization, hereafter "JDS".

**I. STANDARDS FOR APPROVAL OF DISCLOSURE STATEMENTS**

Bankruptcy Code Section 1125 controls the adequacy of disclosure statements in a

1

Chapter 11 proceeding. "Adequate information" means: "information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical, reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...."

11 U.S. C. § 1125(a)(1).

Case law under Section 1125 has produced a list of factors, disclosure of which may be mandatory under the facts and circumstances of a particular case, to meet the statutory requirements of adequate information. The most commonly cited version of the list of factors appears in *In re Metrocraft Publ'g Servs., Inc.,* 39 B.R. 567 (Bankr. N.D. Ga. 1984). Borrowing factors from other cases, and adding a few of its own, the *Metrocraft* court listed nineteen factors for courts to consider when determining the adequacy of information in a proposed disclosure statement[1]. See, *In re Metrocraft Publ'g Servs., Inc.*, 39 B.R. at 568. *See also, In re U.S. Brass,* 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *In re Cardinal Congregate I,* 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990).

## II. THE DISCLOSURE STATEMENT CONTRADICTS THE PLAN IN THE FOLLOWING AREAS

**a. Settlement and or Abandonment of Claims.** The JDS indicates the "Trust shall have exclusive right, authority, and discretion to prosecute, abandon, settle, or compromise any and all such claims, rights, and Causes of Action without the consent or approval of any third

---

[1] 1) the circumstances that gave rise to the filing of a bankruptcy petition; 2) a description of the available assets and their value; 3) the anticipated future of the company; 4) the source of information stated in the disclosure statement; 5) a disclaimer (*i.e.,* a statement indicating that no statements or information concerning the debtor or its assets or securities are authorized other than those made in the disclosure statement); 6) the present condition of the debtor while in chapter 11; 7) the scheduled claims; 8) the estimated return to creditors under a chapter 7 liquidation; 9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; 10) the future management of the debtor; 11) the chapter 11 plan or a summary thereof; 12) the estimated administrative expenses, including professional fees; 13) the collectability of accounts receivable; 14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan; 15) information relevant to the risks posed to creditors under the plan; 16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; 17) the existence, likelihood, and potential for recovery in non-bankruptcy litigation; 18) tax consequences of the plan; and 19) the relationship of the debtor with affiliates.

2

party and without any further order of court." *See JDS page 16, line 28 through page 17 line 3*. This contradicts the provisions of the Liquidating Trust.

First, The Trust requires the Trustee to notify Linett and Barbara Linett in writing of the Trustee's decision to settle or abandon a claim and if the decision is to abandon a claim, it requires a Trustee's submission of a declaration to the Bankruptcy Court confirming the notification to Linett and Barbara Linett along with an order approving the abandonment[2]. The Bankruptcy Court may then sign the order with no further notice or opportunity for hearing. *See Joint Liquidating Plan of Reorganization, Exhibit A, Section 4.1.1.*

Second, the Plan provides, the "Trustee may not sell any Asset listed on Schedule "E" hereof or settle any of the Trustor's claims without first obtaining approval of the Bankruptcy Court. Approval must be sought by motion or notice of intended action procedures." *See Joint Liquidating Plan of Reorganization, Exhibit A, Section 4.2.2.*

   b. **Trustee's Choice of Counsel and Consultation.** The JDS, page 15, lines 23 through page 16, line 3 provides:

> If the Proponents' Plan is confirmed, the Liquidating Trustee, a neutral third party, will evaluate the strengths and weaknesses of the Debtor's claims against Ms. Garwood. He may consult with an experienced malpractice attorney and will likely consult with Ms. Garwood's insurance defence counsel about the case. Yale Baumgarten has been retained by the Debtor and its employment approved by the Bankruptcy Court, ***the Trustee's consultation will be with Yale Baumgarten.*** If the Liquidating Trustee chooses to hire counsel for the case, he can retain Yale Baumgarten, or other counsel, on a contingency fee basis, since Ms. Garwood has insurance coverage. As a result, there is no need for an estimate of the legal fees and costs to pursue the claim at this time should the Trustee determines it is appropriate to litigate and settlement is not a viable option. ***Emphasis Added.***

While this provision indicates the Trustee can choose to hire his own counsel, the announcement that the Trustee's consultation will be with Yale Baumgarten is misleading because neither the plan or the liquidating trust imposes a duty on the Trustee to consult with Yale Baumgarten. The Court authorized the Debtor under certain conditions to retain Yale

---

[2] This objecting creditor will object to confirmation of a plan that allows abandonment of any claim without Court approval sought by motion or motion of intended action procedures.

3

Baumgarten to provide the Debtor with a case analysis, not the Liquidating Trustee.

For all the foregoing reasons the Court should deny approval of the Disclosure Statement, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: September 2, 2021

_____
Michael Koch, Attorney for Debtor(s)

Proof of Service
STATE OF CALIFORNIA, COUNTY OF SAN DIEGO
I am employed in the County of San Diego, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 7777 Alvarado Road, Suite 622, La Mesa CA 91942

I served the following documents described as:

CREDITOR'S OBJECTION TO DEBTOR'S MOTION FOR APPROVAL OF DISCLOSURE STATEMENT IN CHAPTER 11 CASE

individuals by electronic means through the Court's ECF program:

**Gustavo E. Bravo:** gbravo@smaha.com

**Michael D. Breslauer:** mbreslauer@swsslaw.com, wyones@swsslaw.com

**Theron S Covey:** tcovey@rasflaw.com, CAECF@tblaw.com

**Sean C Ferry:** sferry@rasflaw.com, bkyecf@rasflaw.com;sferry@ecf.courtdrive.com

**Thomas B. Gorrill:** tom@gorillalaw.com, r5343 l@notify.bestcase.com

**Byron B. Mauss:** bmauss@swlaw.com, idelgado@swlaw.com

**David Ortiz:** david.a.ortiz@usdoj.gov, USTP .REGIONlS@USDOJ.GOV;tiffany.l.carroll@usdoj.gov

**John Smaha:** jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com

**United States Trustee:** ustp.region15@usdoj.gov

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2021, at San Diego, California

_____
Michael Koch

5