John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq., Bar. No. 218752
SMAHA LAW GROUP
2398 San Diego Avenue
San Diego, California 92110
Telephone:   (619) 688-1557
Facsimile:    (619) 688-1558

Attorneys for Debtor, Dana Aaron Linett

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DANA AARON LINETT,<br><br>Debtor. | CASE NO.  19-05831-LA11<br><br>Chapter 11<br><br>MOTION TO GRANT DISCHARGE UPON THE EFFECTIVE DATE OF PLAN OF REORGANIZATION<br><br>DATE: November 5, 2021<br>TIME:  2:30 p.m.<br>DEPT.:  Two<br>JUDGE: Hon. Louise DeCarl Adler |

**MOTION TO GRANT DISCHARGE**

The Debtor, Dana Aaron Linett (the "Debtor") respectfully submits the following motion to grant the Debtor a discharge upon the Effective Date of the Debtor's Plan of Reorganization.

## I.

## **DEBTOR MAY BE PROVIDED A DISCHARGE FOR CAUSE**

11 U.S.C. Section 1141(d)(5)(A) provides that "[in] a case in which the debtor is an individual unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payment under the plan". Cause is not defined in this statute and while several courts have addressed the issue of what constitutes "cause," no consensus has arisen. See, *In re Detweiler*, 2012 Bankr. LEXIS 5501, 2012 WL 5935343 (Bankr. N.D. Ohio Nov. 27, 2012) (collecting cases). See also *In re Grogan*, 2013 Bankr. LEXIS 3796I (Bankr. Oregon 2013) where the court agreed with Detweiler that "cause" must be determined based on the totality of the facts and circumstances of each case, 2012 but believes that at minimum a debtor must show the ability to make plan payments with "a high degree of certainty." (quoting *In re Beyer*, 433 B.R. 884, 888 (Bankr. M. D. Fla. 2009).

In the instant case, the Debtor will be surrendering all of his non-exempted assets to a liquidating trustee upon confirmation of the Plan. At that point in time, the Debtor will have no control over those assets, as the liquidating trustee with a fiduciary duty owing to creditors, will take on the responsibility of liquidating those assets for the benefit of the Debtor's creditors. As of the Effective Date of the Plan, the Debtor will have completed all of his duties with relation to the turnover of assets. There will be nothing more for the Debtor to do other than to cooperate with the liquidating trustee in the trustee's efforts to liquidate those assets. It will then be up to the liquidating trustee to make plan payments. As the trustee will have all the necessary powers to liquidate all of the assets transferred to him, there will be a high degree of certainty that plan payments will occur and the Debtor, under the circumstances, will have no further involvement in the liquidation process. Given that the Debtor will have complied with his obligations as of the Effective Date and has already agreed to the liquidation of all of his non-exempt assets in order to maximize a return for creditors, the facts and circumstances in this case should certainly

allow for the Debtor's discharge as of the Effective Date. The Plan of Reorganization was negotiated with several of the Debtor's main creditors and the Debtor believes the plan, which clearly provides for the discharge, will be consensual. In addition, the Debtor's Disclosure Statement notifies all creditors that the Plan provides for a discharge as of the Effective Date. That, along with this noticed motion, will have given creditors ample notice to consider the Debtor's discharge prior to confirmation and prior to the entry of such a discharge.

For the reasons set forth herein and for the reasons discussed in detail in the Debtor's Disclosure Statement seeking approval of his Plan of Reorganization, the Debtor respectfully requests that this Court grant this motion and, if the Plan is approved, that the Order of Confirmation on that plan provide for the Debtor's discharge as allowed under Section 1141(d)(5)(A).

Dated: September 17, 2021        /s/ Gustavo E. Bravo
John L. Smaha, Esq.
Gustavo E. Bravo, Esq.
*Attorneys for Debtor and Debtor-in-Possession,*
Dana Aaron Linett