John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq., Bar. No. 218752
SMAHA LAW GROUP
2398 San Diego Avenue
San Diego, California 92110
Telephone:    (619) 688-1557
Facsimile:    (619) 688-1558

Attorneys for Debtor, Dana Aaron Linett

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>DANA AARON LINETT,<br><br>Debtor. | CASE NO.   19-05831-LA11<br><br>Chapter 11<br><br>DEBTOR'S REPLY TO BANCO POPULAR'S LIMITED OPPOSITION TO PLAN OF REORGANIZATION<br><br>DATE:   November 4, 2021<br>TIME:   2:30 p.m.<br>DEPT.:   Two<br>JUDGE: Hon. Louise DeCarl Adler |

Debtor, Dana Aaron Linett, (the "Debtor") hereby respectfully submits his Reply to the Objection to Confirmation filed by Banco Popular North America ("BP"). The Debtor notes that BP filed its objection to the Plan after the time period for objections had passed, however, the Debtor also acknowledges that counsel for BP contacted Debtor's counsel and notified counsel of the pending objection. Debtor's counsel was told that the objection would be limited and that BP understood the matter was being submitted late and that it would be up to the Court's discretion to consider a late filed objection. The Debtor has reviewed the limited objection and believes the objection should be denied. Debtor discussed this with counsel for Barbara Linett and the Debtor is informed and believes that Barbara Linett consents to the filing of this reply brief.

0
**DEBTOR'S REPLY**

1    The objection of BP acknowledges that the Plan seeks to sell the Debtor's residence, identified by BP as the Subject Property. The only objection that BP claims to this is that the Plan is "deficient in the fact that it fails to specify a drop-dead date in which the property is to be sold" (Objection, pg. 2. ll. 14-16). BP goes on to claim that a delay in selling the Subject Property will cause the property to become less protected. What BP fails to address is why BP is less protected by any delay in selling the Subject Property. The simple fact is, BP is fully and abundantly oversecured by the Subject Property. As provided in the Disclosure Statement, the Subject Property has a value between $2,800,000 and $4,000,000 based on the Debtor's estimate and that provided by Barbara Linett. BP's secured claim is for approximately $1,329,291.56. BP's claim is fully secured and having a delay in the sale of the house, will not place any risk on BP.

Even if BP's claim was at risk, the suggestion by BP of putting a "drop-dead" date for the sale of the Subject Property is not going to help the situation. BP requests that if the drop-dead date is not met, that BP should have relief from any plan injunction to move forward with its state law remedies, i.e., a foreclosure of the Subject Property. First and foremost, putting a drop-dead date on the sale of the Subject Property would only likely serve to chill any interest in the Subject Property. If potential buyers are aware that the liquidating trust must sell the Subject Property, then those same buyers may decide that just waiting the process out may be more beneficial. Even in today's "hot" market, the potential selling price for the Subject Property would indicate that there are a limited number of potential, likely sophisticated, buyers that will be interested in such a unique property. If these buyers become aware of a deadline by which the property must be sold, the result could be to put more risk on the Subject Property rather than less.

Another factor that BP's objection does not address is that the decision on whether or not to sell the Subject Property will be handled by the Liquidating Trustee. The discretion as to when to list and sell the Subject Property is placed on him and he is given the task of determining what will be in the best interests of the estate given his reasonable business judgment. There are a large number of factors that the Liquidating Trustee will have to consider. The Liquidating

1  Trustee will be taking possession of a significant amount of cash. He will have the option of
2  making payments to outstanding claims, including real property taxes, payments to secured
3  creditors and other claims. It will be the Liquidating Trustee's role to determine how to best use
4  those funds. Further, the Liquidating Trustee will have to consider when the Subject Property
5  will generate the most interest and how to properly market the property. Also, the Liquidating
6  Trustee must take into consideration that the Debtor's personal property, including his business
7  inventory, is located at the Subject Property. There are over 3,000 items of business inventory
8  items, many of which are small such as a coin or letter, that are stored at the Subject Property
9  in a secure vault in an organized fashion where the location of each item is cataloged. There are
10 additional items, including records, computers and other business equipment that keep track of
11 the Debtor's inventory and business records. If the Subject Property has to be sold immediately,
12 the Liquidating Trustee must consider where all of these items must then be stored and where
13 the Liquidating Trustee is to categorize and prepare these items for sale. There would be a
14 considerable cost in this relocation. This does not mean that the Liquidating Trustee cannot
15 quickly move to sell the Subject Property. It means that the Liquidating Trustee has a number
16 of considerations to take into account as to when to list the Subject Property and how to
17 coordinate the sale. When the Plan was negotiated, the trustee was given wide discretion relating
18 to the sale of the business inventory and house. That decision should be left to the discretion of
19 the Liquidating Trustee and putting a "drop dead" date by which he has to sell the Subject
20 Property unnecessarily ties the Liquidating Trustee's hands.
21     If listing the Subject Property quickly is in the best interest of creditors, the Liquidating
22 Trustee will have the discretion to list it promptly. If the Liquidating Trustee determines that he
23 needs time to liquidate assets methodically, he will also have the discretion to do so. If BP at
24 some point believe feels the Liquidating Trustee is abusing his discretion or is not making a
25 proper decision on when to list the Subject Property for sale, the Bankruptcy Court is retaining
26 jurisdiction in this case under the Plan. BP will have the ability to file a motion with the
27 Bankruptcy Court for an appropriate remedy. The Debtor asserts that the Liquidating Trustee
28 should be given an opportunity to effectively manage the liquidating trust. Placing an immediate

deadline before the Liquidating Trustee has even had an opportunity to view and muster the assets into the trust or not.

For these reasons, and for any further arguments and/or evidence that may be presented at the hearing on plan confirmation, the Debtor respectfully requests that the Court overrule BP's objection to the Plan. As is separately presented by the Debtor in his brief in support of confirmation, being filed simultaneously with this reply, the Debtor asserts the Plan is ready for confirmation and all creditors that have voted in this matter have voted to approve the Plan. BP's limited objection does not present a valid reason to deny the confirmation of the Debtor's Plan as written.

Dated: October 22, 2021        /s/ John L. Smaha
                               John L. Smaha, Esq.
                               Gustavo E. Bravo, Esq.
                               *Attorneys for Debtor and Debtor-in-Possession,*
                               Dana Aaron Linett

John L. Smaha, Esq.  Bar No. 95855
Gustavo E. Bravo, Esq.  Bar No. 218752
**SMAHA LAW GROUP APC**
2398 San Diego Avenue
San Diego, California 92110
(619) 688-1557  Telephone
(619) 688-1558  Facsimile
Attorneys for Debtor, Dana Aaron Linett

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**PROOF OF SERVICE**                        Case No. 19-05831-LA11

<u>*In re Dana Aaron Linett*</u>

    I am employed in the City of San Diego, California.  I am over the age of 18 and not a party to the within action.  My business address is 2398 San Diego Avenue, San Diego CA 92110.

    On October 22, 2021, I caused to be served the following document(s) described as:

**1.**    **DEBTOR'S REPLY TO BANCO POPULAR'S LIMITED OPPOSITION TO PLAN OF REORGANIZATION**

U.S. TRUSTEE
Department of Justice
880 Front Street, Ste. 3230
San Diego, CA 92101

**[X]**    (**BY MAIL**) I served the individual named by placing the documents in a sealed envelope.  I then placed it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practice.

**[X]**    **(To Be Served by the Court via Notice of Electronic Filing ("NEF"))**. Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On **October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

**Gustavo E. Bravo:**    gbravo@smaha.com
**Michael D. Breslauer:**  mbreslauer@swsslaw.com, wyones@swsslaw.com
**Theron S Covey:**    TheronCovey@gmail.com, sferry@raslg.com
**Sean C Ferry:**    sferry@raslg.com, bkyecf@rasflaw.com;sferry@ecf.courtdrive.com
**Thomas B. Gorrill:**  tom@gorillalaw.com, r53431@notify.bestcase.com
**Michael Koch:**    MLKoch@live.com, lblaw7@gmail.com;r40511@notify.bestcase.com
**Byron B. Mauss:**    bmauss@swlaw.com, idelgado@swlaw.com
**David Ortiz:**    david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov

1

**John Smaha:**   jsmaha@smaha.com, gbravo@smaha.com;mdawson@smaha.com;jteague@smaha.com
**U.S. Trustee:**   ustp.region15@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **October 22, 2021**, San Diego, California.

*/s/ Amelda M. Dawson*
Amelda M. Dawswon

2