TENTATIVE RULING

ISSUED BY JUDGE LOUISE DECARL ADLER

Debtor:   DANA AARON LINETT
Number:   19-05831-LA11

Hearing:   02:30 PM   Thursday, November 4, 2021

Motion:   1) JOINT LIQUIDATING CHAPTER 11 PLAN OF REORGANIZATION FILED BY JOHN SMAHA ON BEHALF OF DANA AARON LINETT.

Joint Liquidating Ch. 11 Plan **CONFIRMED**.   Objection of Banco Popular **OVERRULED**.

**Tally of Votes:**   The plan is CONSENSUAL (the creditors that affirmatively cast a vote, unanimously voted to ACCEPT and no rejection votes were cast).

    Class 1A: Banco Popular, N.A. - first trust deed – No Vote
    Class 1B: US Bank, N.A. - second trust deed – No Vote
    Class 1C: Beatrice L. Snider, APC - family law lien – Cast Vote/Accept
    Class 1D: Barbara Linett - MSA judgment lien – Cast Vote/Accept
    Class 1E: US Bank, N.A. - line of credit on personal property – Cast Vote/Accept
    Class 1F: Barbara Linett - MSA lien on the Ford Collection – Cast Vote/Accept
    Class 2: Allowed General Unsecured claims – Cast Vote/Accept (no rejections)

**Plan Summary:**   This is a joint liquidating plan that transfers all non-exempt assets to the Liquidating Trustee to control and liquidate over a period of 5 years, and to pay all allowed claims in full, per the Joint Liquidating Trust Agreement. The assets include Debtor's residence wherein he also operates his business; Debtor's business inventory and various collections; and his litigation claims.   The Debtor retains a reversionary interest in the trust assets.

**LATE- OBJECTION (by Banco Popular):**   Banco has a $1,329,291.56 claim secured by a lien on the Debtor's residence.   The plan provides for the sale of the residence. Banco objects to this treatment, and does not consent to the plan, to the extent that the plan fails to provide a *deadline for the sale to occur.*   Banco asks that there be a deadline, and if the deadline is not met, then Banco should be permitted to proceed with its state law remedies without fear of violating the plan.

The Court declines to consider Banco Popular's late-filed objection to plan confirmation. First, BP did not vote to reject this plan.   Second, for the reasons cited in the debtor's

Reply (ECF #286) to BP's objection, setting a deadline by which the residence is to be sold is not in the best interests of creditors.   Further, the joint plan proponents are not in control of the date by which the residence should be sold as that authority is vested, upon plan confirmation, in the Liquidating Trustee.

Given the massive equity cushion of this late-objecting creditor (at minimum $1.8M), the concerns about the failure to pay property taxes as decreasing that cushion are ludicrous.

Counsel for debtor and Barbara Linett (joint plan proponent) are congratulated on achieving an excellent result in this highly contested Ch. 11 case.

If counsel for Banco Popular is prepared to accept this tentative ruling, he should notify counsel for the joint plan proponents, the U.S.T and the courtroom deputy and appearances will be excused.


2) MOTION TO GRANT DISCHARGE UPON THE EFFECTIVE DATE OF PLAN OF REORGANIZATION FILED BY GUSTAVO E. BRAVO

Motion to Grant Discharge upon Plan Effective Date **GRANTED**.   Unopposed.

Per Sec. 1141(d)(5)(A), an individual debtor is not entitled to a discharge until the plan is completed, unless the court orders otherwise after notice and a hearing.   Here, there is "cause" to grant the Debtor's discharge on the plan's ED because he will have surrendered all of his assets, and his control of same, to the Liquidating Trustee who is charged with liquidating and paying creditors per the terms of the Liquidating Trust Agreement, a document that was negotiated by the major creditors in this case. Consequently, as of the ED, the Debtor will have completed his plan obligations and so he should receive his discharge.

Appearances excused on this motion; unopposed.