TENTATIVE RULING

ISSUED BY JUDGE LOUISE DECARL ADLER

Debtor: DANA AARON LINETT
Number: 19-05831-LA11

Hearing: 02:00 PM Thursday, February 10, 2022

Motion: 1) SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT FOR JOHN SMAHA, DEBTOR'S ATTORNEY, PERIOD: 4/1/20 TO 12/31/21, FEE: $ 456,630.00, EXPENSES: $2,137.81. FILED BY JOHN SMAHA

**MATTER CONTINUED TO FEB. 17, 2022 at 2:00 p.m**.

Voluminous, detailed objections to the Final Fee Application of the Ch. 11 debtor's counsel have been filed by creditor Barbara Linett and the U.S. Trustee.  The Court is taking additional time to review the merits of these objections and to consider whether the substantial reductions requested over those voluntarily offered by applicant are warranted.

Appearances on this matter at today's hearing are excused.

2) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED BY SPECIAL COUNSEL YALE AND BAUMGARTEN: PERIOD: 6/1/21 TO 11/30/21. FEE $10,000.

Court has reviewed First and Final Application for Compensation and Expense Reimbursement filed by Yale & Baumgarten, Special Counsel for the Ch. 11 debtor and finds services necessary and the charges for those services (a flat fee of $10,000) for same reasonable.  Court awards amounts requested in full.

As this application is unopposed, counsel is excused from attending this hearing and may submit an order forthwith.

3) FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED BY STACY CHIANG, BAKER TILLY, ACCOUNTANT. PERIOD: 12/27/21 TO N/A. FEE $1,000.

Court has reviewed First and Final Application for Compensation and Expense Reimbursement filed by Baker, Tilly, accountants for the Ch. 11 debtor as well as the Objection to same by Creditor Barbara Linett.  Ms. Linett objects to the time spent by

applicant in preparing the Ch. 11 debtor's individual tax returns (as contrasted to the bankruptcy estate's tax returns) because these services benefited the debtor personally and not the bankruptcy estate. See *In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996) (attorney who assisted debtor with filing personal tax returns denied compensation because the services benefited the individual and not the bankruptcy estate).  Ex. 1 to Applicant's time entries state clearly that she spent $3,100 in services billed to "Tax Preparation 2018-prepetition Individual".   Further, Ex. 1, p. 2-3, shows $13,805 of fees incurred in a lumped entry described as "Tax Preparation 2019 - Bankruptcy Estate and Individual" and another $13,900 in a lumped entry described as "Tax Preparation 2020 - Bankruptcy Estate and Individual".   Although applicant was timely-served with these objections, she has not responded or clarified the nature of the work performed in these entries.   Without response, the objections appear to have merit.

Although the other accounting services rendered by applicant appear to be reasonable and necessary, without explanation, the Court cannot find the above-stated three entries are.   As a consequence, the Court awards the fees and costs requested **minus** $30,805.00 for services that did not benefit the debtor's estate.

Since there was no response to these objections, the Court deems them unopposed and excuses applicant and creditor from appearance in this matter.   Applicant may submit an order awarding the net fees, after the deduction above-stated.

4) FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED BY THOMAS B. GORRILL, CREDITOR'S ATTORNEY FOR BARBARA LINETT. PERIOD: 5/1/21 TO 12/14/21. FEE $62,982.75, EXPENSES $ 421.20

The Law Offices of Thomas B. Gorrill ("Applicant"), the attorney for creditor Barbara Linett, seeks an administrative claim pursuant to § 503(b)(3)(D) and (b)(4) in the total amount of $63,422.95 for his services that made a "substantial contribution" to this Chapter 11 case.

The principle test of "substantial contribution" is "the extent of benefit to the estate." *Cellular 101, Inc. v. Channel Comm., Inc.*, 377 F.3d 1092, 1096-97 (9th Cir. 2004). In order for a creditor's actions to be compensable (and those of its attorney), the creditor must have conferred a direct, not incidental or minimal, benefit to the estate that outweighs the benefit claimant received, and the claimant's actions must foster the progress of reorganization. *Cellular 101,* 377 F.3d at 1098.

The UST objects to $22,633.50 of the requested fees because the underlying services did not make a substantial contribution to this case. He states that the creditor bears the burden of proof to show that the services provided a "substantial contribution" to the case by a preponderance of the evidence. *In re Bayou Group, LLC*, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010).

The parties agree that the Court should consider the following factors:

> 1. Whether the services were undertaken solely for the benefit of the party itself or for the benefit of all parties in the case.
> 2. Whether the services were actions that would have been taken by the party on its own behalf, absent an expectation of reimbursement from the estate
> 3. Whether the party can demonstrate that its actions provided a direct, significant and demonstrable benefit to the estate.
> 4. Whether the benefit conferred upon the estate exceeds the costs sought to obtain that benefit.
> 5. Whether the actions were duplicative of those being taken by other parties in the case, such as the debtor, a trustee or an official committee.

The UST contends following services pre-dated the Court's denial of the Debtor's disclosure statement and the point in time when the parties began working toward a joint plan. He contends these services advanced Barbara's own self-interest without substantially contributing to this case:

**(1) Work on Barbara's Initial Plan and Disclosure Statement:** Total fees $18,130.50. These services pre-dated the time when Barbara and the Debtor worked toward a joint plan. They advanced Barbara's own goal of confirming her plan over the Debtor's plan. Her plan was disapproved as unworkable because of its tax implications to the estate. The joint plan the Court ultimately confirmed included an "IDIT Trust" that differed from the "liquidating trust" that Barbara initially proposed. The UST contends that these initial plan services did not substantially contribute to this case.

**(2) Mediation:** Total fees $4,503. Applicant has failed to show how his services in this *unsuccessful* mediation substantially contributed to this case. It is not apparent from the narrative or the billing entries.

The Court **SUSTAINS IN PART and OVERRULES IN PART** the UST's objection to Applicant's request for his allowance of fees and costs as an Administrative Expense pursuant to Sec. 503.

The Court *sustains* in full the UST's objection to fees incurred by Ms. Linett in the unsuccessful mediation. It is the Court's view that Ms. Linett participated in the mediation for her own benefit and her counsel would have objected to the debtor's plan regardless of what Mr. Linett proposed. It was only this Court's rejection of both plans that led to the parties' cooperation on a joint plan.

As to the UST's objection to allowance of Ms. Linett's fees in preparing the initial plan and disclosure statement, the Court *sustains in part* and *overrules in part* the UST's objections. While the Court agrees that the plan ultimately confirmed in this case

contains a kernel of its structure in the initial plan submitted by Ms. Linett, this Court disapproved her initial plan because it was unworkable.   While Ms. Linett's initial plan, if confirmed, would have paid her in full, there were catastrophic tax consequences to the debtor's estate which the initial plan proponent failed to consider.   Those consequences ultimately led to this Court disapproving it.   [The debtor's initial plan was likewise disapproved for other reasons.]

However, faced with this Court's rulings on the competing plans and the possibility of this case being converted to one under Ch. 7, the parties began collaborating on the plan which ultimately, after a number of drafts, was confirmed.   The services in preparing this initial plan, in the Court's view, warrant some compensation and the Court will award 50% of the $18, 130.50 in fees incurred in this endeavor by Ms. Linett or $9,065.25 as a substantial contribution to plan confirmation in this case. Accordingly, the <u>net fees and costs</u> awarded applicant will be <u>$49,854.70.</u>

If applicant and the UST are prepared to accept the tentative ruling,   they should inform each other and the courtroom deputy and their attendance on this matter will be excused.   In that event, Mr. Gorrill may submit an order forthwith awarding these fees/costs as a Sec. 503 claim in this case.

5) APPLICATION TO EMPLOY SMAHA LAW GROUP FOR SPECIAL PURPOSE FILED BY JOHN SMAHA

Ex Parte Application of the Post-confirmation Liquidating Trustee to Employ Smaha Law Group for Special Purpose **DENIED as unnecessary.**

The Post-Confirmation Liquidating Trustee filed an ex parte application seeking this Court's authority, pursuant to § 327(e), to employ Smaha Law Group (Smaha) as his special counsel to represent him in the adversary proceeding identified as Dana Linett v. Barbara Linett (20-90031-LA), which includes an objection to Barbara's POC and request for set off. The Court disapproved the order submitted and set this matter for further briefing and hearing to address the Court's post-confirmation jurisdiction to enter this order.

The Liquidating Trustee Mr Hebrank defends his decision to hire Smaha Law Group stating that he selected Smaha because of his bankruptcy expertise and familiarity with this litigation because he represented the Debtor pre-confirmation.   He believes that Sec. 327(e) is narrower; it permits a trustee to employ an attorney that previously represented the debtor if (i) it is in the best interest of the estate; and (ii) if such attorney does not represent or hold any interest adverse to the debtor or the estate w/r/t the matter on which such attorney is to be employed.   The Trustee and Smaha believe this standard is met.

The UST confirms Applicant's statement that Hebrank did <u>not</u> request a Statement of Position ("SOP") because the UST has indicated that an SOP is unnecessary for post-confirmation employment of professionals.

Creditor/defendant Barbara Linett contends that Smaha Law Group's employment is significantly adverse to the estate as the firm is asserting (by was of fee application pending today) a $600K administrative claim and cannot fairly and in good faith represent all creditors of the estate.

The Court disapproves Hebrank's Ex Parte Application because it is unnecessary, and legally inappropriate, for the Court to enter orders authorizing post-confirmation employment of professionals in a Chapter 11 case. *See In re Mullendore*, 517 B.R. 232, 238-39 (Bankr. D. Mont. 2014); *In re Schupbach Investments, LLC,* 521 B.R. 449, n. 107 (10th Cir. BAP 2014) (both recognizing that after a Chapter 11 plan is confirmed the bankruptcy court does not approve employment or payment of post-confirmation professionals pursuant to § 327 and § 330 because the assets are transferred to a new entity, and so there is no longer a debtor-in-possession or a bankruptcy estate).

Here, similar to *In re Schupbach Investments, LLC*, the Plan provides that upon the Effective Date the Liquidating Trust will be created, and all of the Debtor's non-exempt assets will be transferred to the Liquidating Trust, to be administered by the Liquidating Trustee as provided by the Liquidating Trust Agreement for the benefit of the Liquidating Trust's beneficiaries.   [Plan, Pgs.19-21 (Execution/Implementation of Plan)] Further, the Plan provides that after the Effective Date the Court will "retain such jurisdiction *as legally permissible* ...."   [Plan, Pg. 32 (Retention of Jurisdiction) (emphasis added)] Here, given that there is no longer a bankruptcy estate, employment of post-confirmation professionals under the Bankruptcy Code is not legally permissible; nor is it required by the Liquidating Trust Agreement which authorizes the Liquidating Trustee to employ professionals in his discretion. [*See* Liquidating Trust ¶¶ 5.7, 6. 1.11]

If creditor Barbara Linett is prepared to accept the tentative ruling, her counsel shall inform Mr. Hebrank, the UST and the courtroom deputy and appearances on this matter will be excused.   In that event, Mr. Hebrank's counsel shall prepare and lodge an order denying the ex parte application for the reasons set forth in this tentative ruling.