TENTATIVE RULING
ISSUED BY JUDGE MARGARET M. MANN

BK Case Name: Dana Aaron Linett dba Early American Numismatics

Case Number: 19-05831-MM11

Hearing: 2:00 PM Thursday, October 6, 2022

Motion: Hearing on Motion for Relief from Stay ("Motion")

**Background**

Beatrice L. Snider, APC ("Snider") is a law firm which represents or represented Barbara Linett, Dana Aaron Linett's ("Debtor" or "Linett") ex-wife in their divorce case. During the divorce case, Barbara Linett granted to Snider a Family Law Attorney Real Property Lien (FLARPL) to secure fees she owed to Snider in the principal sum of $200,000. That lien was recorded against the title to the real property at 14810 Rancho Santa Fe Farms Road, Rancho Santa Fe, CA ("Property") on September 2, 2014.

Linett filed a Chapter 11 case on September 30, 2019.  Snider filed proof of claim 13. Snider claims her 3rd position lien secures a debt of $301,589.84 as of the petition date with interest at 10%.  Decl of Christine Hayes Sickler, Doc 403-1.

On November 17, 2021, the court confirmed a joint plan of liquidation ("Confirmed Plan"). Doc 293. The "effective date" of the Confirmed Plan is December 1, 2021.  The Confirmed Plan called for the creation of a liquidation trust, the Irrevocable Linett Pool Trust Agreement, pursuant to which Thomas Hebrank ("Hebrank") was named liquidating trustee. The Property was conveyed to the Liquidating Trust. As such it is no longer property of the estate.

Linett was discharged on December 1, 2021:

> Upon the Effective Date of the Debtor's Joint Plan of Reorganization being confirmed by separate order of the Court, the Debtor shall be granted a discharge as allowed under Section 1141(d)(5)(A) and to the fullest extent permitted pursuant to Bankruptcy Code Section 1141.

Doc 292. See also Doc 293, p 10, para 16 which authorized Debtor's discharge.

After plan confirmation, Snider apparently attempted but failed to get Trustee to list the Property. Snider argues that the debt service and taxes on the Property continue to

accrue meanwhile. Motion, Doc 403-2. Snider argues that the equity in the Property shrinks each month as the senior liens and property taxes continue to go unpaid and seeks relief under § 362(d) "for cause" to enforce its FLARPL and avoid further erosion of its security interest. Snider also argues that the Trustee needs to sell the Property because Snider's security interest is at risk due to recent declining property values. Reply Doc 417.

Creditor Julia Garwood (Doc 415) supported the Motion and argues the stay should be modified to set a deadline for the Property to be listed for sale.

The Debtor and the Trustee objected.  Debtor has been living in Property since (and prior to) the petition date. Linett Declaration, Doc 411. He operates his rare coin business at the Property. His inventory and various collections are held there, and the Property is uniquely secured for the inventory's valuables.  *Id*. at 4. He argues that if the Property were sold now, he would be required to move which would be a hardship to him and his business. Under the terms of the Confirmed Plan, Debtor is not required to make any payments to secured creditors.

Hebrank (Docs 413 and 414) opposes the Motion. He claims he has been active and diligent in his role including exploring the sale of the Property, has been duly exercising his business judgment, and that he is well within the 60-month period for sale allowed under the Confirmed Plan. Approximately 10 months have passed since the December 1, 2021, effective date. Hebrank engaged an appraiser who valued the Property at $4,343,000 in July 2022. Doc 414, para 9.

**Analysis**

The Motion is inaptly titled "relief from stay" and relies on the court's authority under § 362(d)(1) which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…;

However, § 362(d) does not apply because the automatic stay was terminated by plan confirmation. *Gehri v. United States (In re Gehri)* 1996 Bankr. LEXIS 1254 (9th Cir BAP 1996) (confirmation of a plan terminates the automatic stay against acts that would result in the exercise of control over property of the estate, citing *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 587 (9th Cir. 1993)). Since plan confirmation of a Chapter 11 plan also has the effect of discharging the debtor from all dischargeable prepetition debts pursuant to §1141(d)(1)(A), the automatic stay dissolves upon confirmation. *Bigelow v.*

*C.I.R.,* 65 F.3d 127, 129 (9th Cir. 1995). Both because of the discharge and the transfer, the automatic stay is no longer in effect. §§ 362(c)(1) and (2).

The automatic stay is replaced by the permanent injunction under § 524(a)(2) which provides:

> A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .).

In analyzing the law on modification of the statutory discharge injunction, the BAP held in *Jakubaitis v. JPMorgan Chase Bank, N.A. (In re Jakubaitis),* 2019 Bankr. LEXIS 716 at *6-7 (9th Cir. BAP March 7, 2019):

> 'The assumption that the § 524(a)(2) statutory discharge injunction can be modified is incorrect; the discharge injunction is set in statutory concrete.' *In re Munoz*, 287 B.R. at 550. Although the court cannot modify the discharge injunction, it can determine its scope. However, 'determinations regarding the scope of the discharge require a declaratory judgment obtained in an adversary proceeding.' *Id*. at 551 (citations omitted)

See also *Clark v. Strand (In re Clark),* 2008 Bankr. LEXIS 4738, at *3 (9th Cir. BAP Apr. 3, 2008) (relief from discharge injunction of § 524 is only available through a complaint to revoke discharge, not under § 362).

As Hebrank points out in his opposition at page 4, the order on the Confirmed Plan, Doc 293, page 8, para 7 refers to injunctions which are binding on Snider and others.

The Motion improperly seeks relief which would circumvent the terms of the Confirmed Plan. Snider has not established any ground to seek relief from § 524, nor followed the correct procedure. The Motion is denied.

**Conclusion**

The Motion is denied. The matter will be heard. Appearances are required.

All hearings in Chapter 7 cases, Chapter 11 cases, and adversary proceedings will be conducted in person at the court. Any party may request a Zoom appearance for good cause and must make the request by 10:00 a.m. two days before the hearing by contacting the Courtroom Deputy for Dept. 1 at (619) 557-7407. Any party appearing by Zoom must review the Chamber's Guidelines for doing so.